IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIE EDWARDS, )<br>      Plaintiff, )<br>v. )<br>  )<br>LUPE VALDEZ, ET AL., )<br>      Defendants. ) | No. 3:17-CV-794-D |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I. Background**

Plaintiff is incarcerated in the Dallas County Jail and is proceeding *pro se*. He filed this complaint pursuant to 42 U.S.C. § 1983.[1] Defendants are Sheriff Lupe Valdez, the State of Texas, and Judge Jennifer Bennett.[2] The Court has not issued process pending judicial screening.

Plaintiff states his rights were violated during a 2013 arrest for robbery in cause number F-1344896. He states he was falsely arrested because of the false claims by Jasmine Hill. He states the police officers and detectives also lied about him. The robbery claim was dismissed on

---

[1]Plaintiff filed his complaint on a habeas corpus form. Since he seeks money damages, the Court has construed his claim as arising under 42 U.S.C. § 1983.

[2]Plaintiff listed Lupe Valdez as the defendant on his complaint. He listed the State of Texas as the defendant on his motion to subpoena evidence, and he listed Judge Jennifer Bennett as the defendant on his motion to proceed *in forma pauperis*.

**Findings and Conclusions of the
United States Magistrate Judge**    Page -1-

March 25, 2014. *See* www.dallascounty.org.

Plaintiff also claims Jasmine Hill made false claims against him in 2017. He states he was falsely arrested and charged with sexual assault, cause number F-1775026, family violence assault, cause number F-1770086, and aggravated kidnaping, cause number F-17733192. Those charges are currently pending. *See* www.dallascounty.org.

He also complains that he lost custody of his children, but he did not request any relief as to that claim.

Plaintiff seeks a trial on his 2017 cases and discovery and subpoenas for his 2017 cases. He also wants the Court to contact newspapers and television stations regarding his cases, and he seeks $10 million dollars. (ECF No. 7 at 9-10.)

## II. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be

granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

**III. Discussion**

**1. Statute of Limitations**

Petitioner states he was falsely arrested for robbery on February 15, 2013. The charges were dismissed on March 25, 2014.

A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Owens v. Okure,* 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Plaintiff filed this complaint on March 16, 2017. Plaintiff's arrest and the dismissal of the 2013 charges occurred more than two years prior to March 16, 2017. Plaintiff has also failed to state any basis for equitable tolling of the limitations period. Plaintiff's claims regarding his 2013 arrest and charges should be dismissed as barred by the statute of limitations.

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -3-

**2.     State of Texas**

Plaintiff names the State of Texas as a defendant. Plaintiff's claims are barred by Eleventh Amendment immunity. Under the Eleventh Amendment, an unconsenting state is immune from suits brought in federal courts by its own citizens as well as by citizens of another state. *Lapides v. Bd. of Regents of the Univ. Sys. Of Georgia*, 535 U.S. 613, 616 (2002). Plaintiff has not shown that the state of Texas has waived its immunity to suit in federal court. *See Aguilar v. Texas Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) ("Section 1983 does not waive the states' sovereign immunity, . . . and Texas has not consented to this suit."); *Gaines v. Texas Tech University*, 965 F. Supp. 886, 889 (N.D. Tex. 1997) ("Congress has not unequivocally expressed its intention to abrogate the states' sovereign immunity from claims brought pursuant to RICO."); *Hines v. Mississippi Dep't of Corr.*, 239 F.3d 366, 2000 WL 1741624, (5th Cir. 2000) (unpublished) ("Congress did not abrogate the states' immunity in enacting Section 1985."); *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. 1981) ("Section 1981 contains no congressional waiver of the state's Eleventh Amendment immunity."). Plaintiff's claims against the state of Texas should therefore be dismissed.

**3.     Judge Jennifer Bennett**

Plaintiff names Judge Jennifer Bennett as a defendant. Judges have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996); *Imber v. Pachtman*, 424 U.S. 409, 427 (1976). Plaintiff's claims against Judge Bennett arise from actions she has taken in one of his 2017 cases. Plaintiff's claims against this defendant should therefore be dismissed.

4.  **Pending Cases**

Plaintiff claims he was falsely arrested in his pending 2017 cases. Plaintiff's complaint should be dismissed under the *Younger* abstention doctrine. Under this doctrine, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Texas*, No. 7:04–CV–227–R, 2005 WL 473680, at *1 (N.D.Tex. Feb.28, 2005) (collecting cases); *see also Younger v. Harris*, 401U.S. 37, 43–45 (1971). The requirement that a plaintiff prove "extraordinary circumstances" to obtain federal relief is grounded in the principals of comity and federalism. *Younger*, 401 U.S. at 44.

The *Younger* abstention doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712,716 (5th Cir.2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (internal citations omitted).

All prerequisites for abstention under *Younger* are met here. There is an ongoing state judicial criminal proceeding that Plaintiff alleges is pending. A determination by this Court that his arrest was unlawful would interfere with the state criminal proceedings. Further, "[t]he state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -5-

1171, 1176 (5th Cir.1984); *see also Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 85 (5th Cir.1992) (explaining that, "under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff" (citing *Younger*, 401U.S. at 41)). Finally, Plaintiff has a full opportunity to raise any constitutional challenges in the Texas state courts. *See DeSpain*, 731 F.2d at 1176; *see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights").

All three conditions of *Younger* are met in this matter. The Court may refuse to abstain if an exception applies, but no exception applies here. The Court should abstain from jurisdiction over Plaintiff's claims.

**5.      Speedy Trial**

To the extent Plaintiff raises a speedy trial claim, the claim must be filed pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Additionally, Plaintiff has failed to show he has exhausted his state remedies. The proper procedure for seeking pre-trial relief on speedy trial grounds is to file a petition for writ of mandamus in the Texas Court of Criminal Appeals. *See Chapman v. Evans*, 744 S.W.2d 133, 135-138 (Tex. Crim. App. 1988) (conditionally granting mandamus petition seeking to compel district court to set for trial or dismiss pending indictment for offense unrelated to that for which petitioner was presently incarcerated); *Thomas*

*v. Stevenson*, 561 S.W.2d 845, 846-47 (Tex. Crim. App. 1978) (conditionally granting mandamus petition seeking to compel district court to set case for trial). Plaintiff has failed to show he has exhaust his state remedies as to this claim. His claim should therefore be dismissed.

## IV. Recommendation

The Court recommends that the complaint be dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e).

Signed this 14th day of June, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings and Conclusions of the**
**United States Magistrate Judge**              Page -8-